Clerk's Office
Filed Date: Received on 5/1/2025 DMP
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
—-----------------------------------------------------------x

MIGUEL VAAMONDES BARRIOS
GLORIA BROWNING VAAMONDES BARRIOS,   Civil Action No.
                                       25-cv-1759

                Petitioners,

      V.                                 (Vitaliano, J)

U.S. DEPARTMENT OF HOMELAND SECURITY, KRISTI NOEM, Secretary, U.S Department of Homeland Security, in her official capacity,

                Respondents,

—-------------------------------------------------------------------x

**MEMORANDUM OF LAW IN REPLY**

Gloria Browning Vaamondes Barrios

Next friend of Miguel Vaamondes Barrios

April 30 2025

**JURISDICTION AND VENUE**

8 U.S.C § 1252(g) generally bars judicial review of decisions or actions by the Attorney General related to immigration proceedings, including executing removal orders of non-citizens. This applies to discretionary decisions made by the Attorney general, not mandatory actions like wrongful removals. A wrongful removal is never at the discretion of the Attorney General. Pursuant of 28 U.S Code § 2241(a) "writs of habeas corpus may be granted by the supreme court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." I, Gloria Browning, am aware that the Eastern District of New York may not be the proper venue as Miguel Vaamondes Barrios was in ICE custody at Moshannon Valley Processing Center in Phillipsburg, Pennsylvania. Please see Motion for Change of Venue. The federal district courts have jurisdiction under 28 U.S.C § 2241 (habeas corpus) 28 U.S.C § 1331 (federal question) and 28 U.S.C § 1651 ( All Writs Act) and also 28 U.S.C § § 2201-02 also known as the Federal Declaratory Judgment Act, which allows federal courts to declare the legal rights and relations of parties in a case of actual controversy. Miguel Vaamondes Barrios is in custody under or by color of the authority of the United States.

**ARGUMENT**

The petition for a Writ of Habeas Corpus should not be dismissed. The respondents state that the government has no jurisdiction to facilitate and effectuate the return of Barrios to Venezuela from El Salvador CECOT because Miguel Vaamondes Barrios is no longer "in custody" of the United States. The United States government has made agreements with El Salvador's president

Nayib Bukele[1] to indefinitely jail and threaten Barrios's freedom and due process rights without communication to attorneys and families. Since the United States government is paying the president of El Salvador (payer), they have authority over the agreement made with Nayib Bukele (payee). This is a flagrant violation to the United States constitution. 8 USC 1231 (b) (3) (a) states restriction on removal to a country where an alien's life or freedom would be threatened. Indeed, Barrios's life and freedom is severely threatened. He is forced incommunicado from attorneys and loved ones in a torture camp that has been known to violate basic human rights, without knowing when Barrios will be released or heard from again[2]. Forced to a life sentence and possibly death sentence without due process.There is no current law that authorizes the US government to detain individuals in other countries. Miguel Vaamondes Barrios was not even supposed to be in El Salvador, once Federal Judge Boasbergs demanded the return of the Planes, in which the US government defied federal court orders.[3]

Respondents claim they cannot facilitate and effectuate the move of Barrios from one sovereign country (El Salvador), to another (Venezuela). Since the US government still has jurisdiction over Barrios, His prompt return to the United States is warranted– In the custody of ICE. Once in ICE's custody back in the United States, execute his return to Venezuela like stated in his removal order. Venezuela has reparation flights actively departing from the US ICE stations since March 23, 2025[4] .

---

[1] https://x.com/nayibbukele/status/1886606794614587573 the president of El Salavador Nayib bukele admits on his X account "the fee would be relatively low for the U.S. but significant for us."

[2] https://www.connectas.org/inside-cecot-the-prison-that-nobody-leaves-el-salvador/ Inside cecot which claims it is a prison that no one has ever left.

[3] https://www.politico.com/news/2025/03/17/judge-boasberg-trump-deportation-hearing-00234945

[4] https://www.instagram.com/p/DHgOcwDxlsj/?igsh=MXVyeHc3czdwdGhtNw==  Diosdado Cabello Rondon, the Minister of Interior, Justice, and Peace, in Venezuela announces the relaunch of the Return to Homeland Plan with active flights leaving from the US since March 23, 2025.

**STATEMENT OF FACTS**

Miguel Vaamondes Barrios is a 32 year old father and husband. Barrios is a citizen of Venezuela. Barrios is a loving and dedicated husband and father to two non biological children ages 2 and 4, and his biological daughter age 11 months. Barrios's criminal charges for the Bronx and Queens cases were subsequently dismissed. Miguel Vaamondes Barrios has been detained by ICE since May 15, 2024 and withdrawn asylum and his other forms of relief (I-130 petition for Alien relative spouse) that I, Gloria Browning Vaamondes Barrios, filed. Barrios was removed on Dec 2, 2024 and voiced his willingness to return to Venezuela. Barrios's removal order specifically stated "remove to venezuela". This order did not indicate an alternative third party prison to be removed to. Barrios was ordered removed to Venezuela, not El Salvador. He was denied notice and the opportunity to challenge his removal to a third country, including the opportunity to raise Convention Against Torture Claims (CAT). Barrios's detention , which is approaching a year, is lawless. There is no United States law or statutory authority that can justify Miguel's continued detention, especially in CECOT– where Barrios is not even a citizen of and never committed crime in El Salvador. There is No law in the United States authorizing detention in a foreign prison.

**RELIEF**

As stated in my original statement, My relief would be for Miguel Vaamondes Barrios to be removed to Venezuela as ordered by the Immigration Judge Bailey, Richard. I am not seeking monetary relief. My belief that punitive damages were to "punish" the respondents for the oppression, and malicious intent. Sure, Venezuela was not actively having flights at the time, but

an alternative was never given notice to Barrios. He was labeled as a gang member by the US administration and media, only for being Venezuelan, which brought a lot of shame to my family and I. My husband was not sent to CECOT under the Alien Enemies Act, but was sent under "regular" removal proceedings. To the contrary, this is not regular or normal removal proceedings. My relief would be for Miguel Vaamondes Barrios to be returned to a USA ICE facility to board an active flight to Venezuela, which was stated in his removal order.

## **CONCLUSION**

In conclusion, I, Gloria Browning Vaamondes Barrios, am respectfully requesting the court to deny the defendant's request to dismiss the petition for Writ of Habeas Corpus for Miguel Vaamondes Barrios. I, Gloria Browning Vaamondes Barrios, am seeking a Change Of Venue to the Eastern District of Pennsylvania, which is properly suited since Barrios was never in ICE custody in the Eastern District Court of New York.

GLORIA BROWNING VAAMONDES BARRIOS

Next friend of Miguel Vaamondes Barrios

Digitally signed

Executed on this 30th day of April 2025

Brooklyn, New York